UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

DEYVIS HERNANDEZ
LUIS EDEL TRUJILLO PENA
DEONELKY TABARES CID
ISVALDO GUERRA PERDOMO
LUIS ERNESTO VIGIL OCHOA

CASE NO. 3:24-cr-62-MMH-JBT
18 U.S.C. § 371
18 U.S.C. § 1343
18 U.S.C. §§ 1029 and 2
18 U.S.C. §§ 1028A and 2

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy)

A. Introduction

At times material to this Indictment:

1. The term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

2. A credit card or debit card is an "access device." A credit card is a thin plastic card, usually 3-1/8 inches by 2-1/8 inches that contains identification information and authorizes the person named on the credit card to make charges for which he or she will be billed periodically by the card issuer. A debit card looks, acts, and contains the same information as a credit card, but withdraws the money immediately from the card holder's affiliated bank account.

3. Each credit or debit card account has a unique number issued to it. A credit or debit card account number is also an "access device." Credit card issuers, such as companies like VISA, American Express, MasterCard, and Discover, and some federally insured banks and credit unions, place means of identification and personal information on each card by physically stamping or embossing information such as the account number, the account holder's name, and the expiration date for the account. Credit card issuers and financial institutions also program the magnetic strip on the back of the card with the account holder's account number, name, and the expiration date for the account.

4. The term "counterfeit access device" means any access device, including a credit card, debit card, credit card number, or debit card number that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device.

5. The term "unauthorized access device" means any access device, including a credit card, debit card, credit card number, or debit card number that is lost, stolen, expired, revoked, canceled, or obtained with the intent to defraud.

6. The term "means of identification" includes any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any access device. A credit card or debit card account number is a means of identification.

7. The term "device-making equipment" means any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device.

8. A "skimmer" is an electronic device through which a credit card can be swiped, as if making a credit card transaction. When a credit card is swiped through the skimming device, the skimming device reads information such as a credit or debit card account number and other customer information on the magnetic strip and stores that information on the device. After this information is read and stored, the credit or debit card information is downloaded. In conjunction with an encoder and a computer, the skimming device allows a person to steal credit or debit card information and place that information onto another card, allowing fraudulent transactions to be made with the new card. A skimmer is a device-making equipment.

9. Gate Petroleum, Wawa, Shell, Daily's, ExxonMobil, Circle K, and Pilot Flying J are companies that sell a variety of consumer products to include diesel fuel. They operated stores throughout the United States to include in the Middle District of Florida.

10. Gate Petroleum, Wawa, Shell, Daily's, ExxonMobil, Circle K, and Pilot Flying J maintained data centers outside of the state of Florida that assist in processing purchases to include for fuel by customers using a credit or debit card.

### B. The Conspiracy

11. Beginning on an unknown date, but not later than in or about November 2020, and continuing through and including in or about March 2022, in the Middle District of Florida, and elsewhere,

> DEYVIS HERNANDEZ,
> LUIS EDEL TRUJILLO PENA,
> DEONELKY TABARES CID,
> ISVALDO GUERRA PERDOMO, and
> LUIS ERNESTO VIGIL OCHOA,

the defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with each other and others, both known and unknown to the Grand Jury, to execute and attempt to execute the following offenses against the United States:

    a. aggravated identity theft, in violation of 18 U.S.C. § 1028A

    b. access device fraud, in violation of 18 U.S.C. § 1029

    c. wire fraud, in violation of 18 U.S.C. § 1343.

## C. Manner and Means of the Conspiracy

12. The manner and means by which the defendants sought to accomplish the conspiracy included, among other things, the following:

   a. It was a part of the conspiracy that the conspirators would, and did, use skimming devices to steal credit and debit card account numbers and other identifying information from account holders;

   b. It was further part of the conspiracy that the conspirators would, and did, attach skimming devices to various gas station pumps;

   c. It was further part of the conspiracy that the conspirators would, and did, retrieve stolen credit and debit card account numbers and other identifying information for account holders from skimming devices to include retrieving it via Bluetooth technology;

   d. It was further part of the conspiracy that the conspirators would, and did, after retrieving the stolen credit and debit card account numbers and other identifying information for account holders, store it on computer media;

   e. It was further part of the conspiracy that the conspirators would, and did obtain various access devices or similar in size plastic cards, encode them, and cause them to be encoded with stolen credit and debit card account numbers embedded into each card's magnetic strip, thereby producing counterfeit access devices;

f. It was further part of the conspiracy that the conspirators would, and did, distribute the counterfeit access devices to each other;

g. It was further part of the conspiracy that the conspirators would, and did, use and attempt to use the counterfeit access devices at financial institution ATM machines to obtain money;

h. It was further part of the conspiracy that the conspirators would, and did, use and attempt to use the counterfeit access devices at various gas stations to purchase primarily diesel gas;

i. It was further part of the conspiracy that the conspirators would, and did, utilize vehicles with a bladder/container to pump the fraudulently purchased diesel gas into;

j. It was further part of the conspiracy that the conspirators would, and did, after pumping the fraudulently purchased diesel gas into a bladder/container, drive to different locations and offload the diesel gas;

k. It was further part of the conspiracy that the conspirators would, and did, make arrangements for the offloaded diesel gas to be sold;

l. It was further part of the conspiracy that the conspirators would, and did, make arrangements for the offloaded diesel gas to be sent to a gas station;

m. It was further part of the conspiracy that the conspirators would, and did, receive compensation for participating in the conspiracy;

n.  It further part of the conspiracy that the conspirator, DEYVIS HERNANDEZ, sent compensation, that is, money, to account(s) accessed by conspirator, LUIS EDEL TRUJILLO PENA;

o.  It was further part of the conspiracy that the conspirators would, and did, share in the proceeds of the conspiracy;

p.  It was further a part of the conspiracy that the defendants would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

### D. Overt Acts

13.  In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida and elsewhere:

a.  On or about the dates set forth below, each of which constitutes a separate overt act, the identified conspirator, alone and together with others known and unknown, used and attempted to use a counterfeit access device re-embossed with the account information identified below, issued to the account holder listed below, to engage in the transaction(s) or ATM transaction described below, without the account holders' knowledge or consent:

| OVERT ACT | DEFENDANT | DATE | VICTIM | ACCOUNT NUMBER | TRANSACTION INFORMATION |
|---|---|---|---|---|---|
| a.1 | ISVALDO GUERRA PERDOMO | 2/17/21 | J.P. | Bank of America account ending in -9507 | $1.00, $1.00, and $98.83 |
| a.2 | DEONELKY TABARES CID | 2/17/21 | J.P. | Bank of America account ending in -9507 | $100.00 |
| a.3 | ISVALDO GUERRA PERDOMO | 2/17/21 | S.A. | Bank of America account ending in -6508 | $1.00, $100.00 |
| a.4 | ISVALDO GUERRA PERDOMO | 2/21/21 | K.F. | Chase Bank account ending in -8648 | $99.70, $98.67 |
| a.5 | DEONELKY TABARES CID | 2/17/21 | K.M. | Chase Bank account ending in -2874 | $1.00, $95.59 |
| a.6 | ISVALDO GUERRA PERDOMO | 2/17/21 | K.M. | Chase Bank account ending in -2874 | $78.40 |
| a.7 | LUIS ERNESTO VIGIL OCHOA | 7/19/21 | V.A. | Navigator Credit Union account ending in -6604 | $100.00, $100.00, and $100.00 |
| a.8 | LUIS ERNESTO VIGIL OCHOA | 7/19/21 | S.L. | VyStar Credit Union account ending in -9508 | $60.00 ATM transaction |
| a.9 | LUIS EDEL TRUJILLO PENA | 5/21/21 | M.H. | Century Bank account ending in -2663 | $99.12, $99.25 |
| a.10 | LUIS EDEL TRUJILLO PENA | 5/21/21 | T.B. | Regions Bank account ending in -3027 | $99.07, $69.83 |

| OVERT ACT | DEFENDANT | DATE | VICTIM | ACCOUNT NUMBER | TRANSACTION INFORMATION |
|---|---|---|---|---|---|
| a.11 | DEONELKY TABARES CID | 12/8/20 | S.R. | JP Morgan Chase Bank account ending in -1176 | $99.83, $53.16, $51.56, and $99.92 |

All in violation of 18 U.S.C. § 371.

## COUNTS TWO THROUGH FIVE
(Wire Fraud)

### A. Introduction

1. Paragraphs 1 through 10 of Part A of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

### B. Scheme

2. Beginning on an unknown date, but not later than in or about November 2020, and continuing through and including in or about March 2022, in the Middle District of Florida, and elsewhere,

DEYVIS HERNANDEZ,
LUIS EDEL TRUJILLO PENA,
DEONELKY TABARES CID,
ISVALDO GUERRA PERDOMO, and
LUIS ERNESTO VIGIL OCHOA,

the defendants herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme

3. The substance of the scheme and artifice is set forth in Part C of Count One of this Indictment, Manner and Means of the Conspiracy, the allegations of which are realleged and incorporated by reference as if fully set forth herein.

### D. Wire Transmissions

4. On or about the dates listed below, in the Middle District of Florida and elsewhere,

DEYVIS HERNANDEZ,
LUIS EDEL TRUJILLO PENA,
DEONELKY TABARES CID,
ISVALDO GUERRA PERDOMO, and
LUIS ERNESTO VIGIL OCHOA,

the defendants herein, for the purpose of executing the aforementioned scheme and artifice and attempting to do so, transmitted and caused to be transmitted by wire in interstate commerce the following:

| COUNT | DATE | VICTIM | ACCOUNT NUMBER | TRANSACTION INFORMATION |
|---|---|---|---|---|
| TWO | 12/8/20 | S.R. | Chase Bank account ending in -1176 | $99.92 purchase |

| COUNT | DATE | VICTIM | ACCOUNT NUMBER | TRANSACTION INFORMATION |
|---|---|---|---|---|
| THREE | 2/17/21 | J.P. | Bank of America account ending in -9507 | $98.83 purchase |
| FOUR | 5/21/21 | M.H. | Century Bank account ending in -2663 | $99.25 purchase |
| FIVE | 7/19/21 | V.A. | Navigator Credit Union account ending in -6604 | $100.00 purchase |

All in violation of 18 U.S.C. § 1343.

## COUNTS SIX THROUGH ELEVEN
(Aiding and Abetting Access Device Fraud)

1. Paragraphs 1 through 10 of Part A of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about the dates listed below, in the Middle District of Florida and elsewhere,

LUIS EDEL TRUJILLO PENA, and
DEONELKY TABARES CID,

the defendants herein, did knowingly and with intent to defraud produce, use, and traffic in and aided and abetted in the production, use, and trafficking in of one or more counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(2), as described below, and the offense affected interstate commerce:

| COUNT | DATE | VICTIM | ACCOUNT NUMBER | TRANSACTION INFORMATION |
|---|---|---|---|---|
| SIX | 12/8/20 | S.R. | Chase Bank account ending in -1176 | $53.16 purchase |
| SEVEN | 12/8/20 | S.R. | Chase Bank account ending in -1176 | $99.92 purchase |
| EIGHT | 12/8/20 | S.R. | Chase Bank account ending in -1176 | $51.56 purchase |
| NINE | 12/8/20 | S.R. | Chase Bank account ending in -1176 | $99.83 purchase |
| TEN | 2/17/21 | J.P. | Bank of America account ending in -9507 | $100.00 purchase |
| ELEVEN | 2/17/21 | K.M. | Chase Bank account ending in -2874 | $95.59 purchase |

All in violation of 18 U.S.C. §§ 1029(a)(1), (c)(1)(A)(i) and 2.

### COUNTS TWELVE THROUGH SIXTEEN
**(Aiding and Abetting Access Device Fraud)**

1.  Paragraphs 1 through 10 of Part A of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about the dates listed below, in the Middle District of Florida and elsewhere,

LUIS EDEL TRUJILLO PENA, and
ISVALDO GUERRA PERDOMO,

the defendants herein, did knowingly and with intent to defraud produce, use, and traffic in and aided and abetted in the production, use, and trafficking in of one or more counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(2), as described below, and the offense affected interstate commerce:

| COUNT | DATE | VICTIM | ACCOUNT NUMBER | TRANSACTION INFORMATION |
|---|---|---|---|---|
| TWELVE | 2/17/21 | J.P. | Bank of America account ending in -9507 | $98.83 purchase |
| THIRTEEN | 2/17/21 | S.A. | Bank of America account ending in -6508 | $100.00 purchase |
| FOURTEEN | 2/17/21 | K.M. | Chase Bank account ending in -2874 | $78.40 purchase |
| FIFTEEN | 2/21/21 | K.F. | Chase Bank account ending in -8648 | $99.70 purchase |
| SIXTEEN | 2/21/21 | K.F. | Chase Bank account ending in -8648 | $98.67 purchase |

All in violation of 18 U.S.C. §§ 1029(a)(1), (c)(1)(A)(i) and 2.

## COUNTS SEVENTEEN THROUGH TWENTY
### (Aiding and Abetting Access Device Fraud)

1. Paragraphs 1 through 10 of Part A of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about the dates listed below, in the Middle District of Florida and elsewhere,

LUIS EDEL TRUJILLO PENA, and
LUIS ERNESTO VIGIL OCHOA,

the defendants herein, did knowingly and with intent to defraud produce, use, and traffic in and aided and abetted in the production, use, and trafficking in of one or more counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(2), as described below, and the offense affected interstate commerce:

| COUNT | DATE | VICTIM | ACCOUNT NUMBER | TRANSACTION INFORMATION |
|---|---|---|---|---|
| SEVENTEEN | 7/19/21 | V.A. | Navigator Credit Union account ending in -6604 | $100.00 purchase |
| EIGHTEEN | 7/19/21 | V.A. | Century Bank account ending in -9936 | $100.00 purchase |
| NINETEEN | 7/19/21 | V.A. | Navigator Credit Union account ending in -6604 | $100.00 purchase |
| TWENTY | 7/19/21 | S.L. | VyStar Credit Union account ending in -9508 | $60.00 ATM transaction |

All in violation of 18 U.S.C. §§ 1029(a)(1), (c)(1)(A)(i) and 2.

14

## COUNT TWENTY-ONE
### (Aiding and Abetting Aggravated Identity Theft)

1. Paragraphs 1 through 10 of Part A of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about the date listed below, in the Middle District of Florida and elsewhere,

LUIS EDEL TRUJILLO PENA, and
DEONELKY TABARES CID,

the defendants herein, did knowingly transfer, possess, and use, without lawful authority, and aided and abetted in the transfer, possession, and use without lawful authority, a means of identification of another person, specifically a counterfeit credit card with an account number belonging to the enumerated victim, during and in relation to the felony offense of access device fraud, in violation of 18 U.S.C. § 1029:

| COUNT | DATE | VICTIM | ACCOUNT NUMBER | TRANSACTION INFORMATION |
|---|---|---|---|---|
| TWENTY-ONE | 12/8/20 | S.R. | Chase Bank account ending in -1176 | $53.16, $99.92, $51.56, and $99.83 purchases |

All in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNT TWENTY-TWO
### (Aiding and Abetting Aggravated Identity Theft)

1. Paragraphs 1 through 10 of Part A of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about the date listed below, in the Middle District of Florida and elsewhere,

LUIS EDEL TRUJILLO PENA, and
ISVALDO GUERRA PERDOMO,

the defendants herein, did knowingly transfer, possess, and use, without lawful authority, and aided and abetted in the transfer, possession, and use without lawful authority, a means of identification of another person, specifically a counterfeit credit card with an account number belonging to the enumerated victim, during and in relation to the felony offense of access device fraud, in violation of 18 U.S.C. § 1029:

| COUNT | DATE | VICTIM | ACCOUNT NUMBER | TRANSACTION INFORMATION |
|---|---|---|---|---|
| TWENTY-TWO | 2/21/21 | J.P. | Bank of America account ending in -9507 | $1.00, $1.00, and $98.83 purchases or attempted purchases |

All in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

16

## COUNT TWENTY-THREE
### (Aiding and Abetting Aggravated Identity Theft)

1. Paragraphs 1 through 10 of Part A of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about the date listed below, in the Middle District of Florida and elsewhere,

LUIS EDEL TRUJILLO PENA, and
LUIS ERNESTO VIGIL OCHOA,

the defendants herein, did knowingly transfer, possess, and use, without lawful authority, and aided and abetted in the transfer, possession, and use without lawful authority, a means of identification of another person, specifically a counterfeit credit card with an account number belonging to the enumerated victim, during and in relation to the felony offense of access device fraud, in violation of 18 U.S.C. § 1029:

| COUNT | DATE | VICTIM | ACCOUNT NUMBER | TRANSACTION INFORMATION |
|---|---|---|---|---|
| TWENTY-THREE | 7/19/21 | V.A. | Navigator Credit Union account ending in -6386 | $100.00 and $100.00 purchases |

All in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

# **FORFEITURE**

1. The allegations contained in Counts One through Twenty are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1029(c)(1)(C), and 28 U.S.C. § 2461

2. Upon conviction of a conspiracy to violate 18 U.S.C. §§ 1343 or 1029, in violation of 18 U.S.C. § 371, or upon conviction of a substantive violation of 18 U.S.C. § 1343, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. Upon conviction of a violation of 18 U.S.C. § 1029, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

4. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1), 1029(c)(2), and 28 U.S.C. § 2461(c).

A TRUE BILL,

ROGER B. HANDBERG
United States Attorney

By: *(signature)*
Kevin C. Frein
Assistant United States Attorney

By: *(signature)*
Michael Coolican
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
3/26/24 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

DEYVIS HERNANDEZ
LUIS EDEL TRUJILLO PENA
DEONELKY TABARES CID
ISVALDO GUERRA PERDOMO
LUIS ERNESTO BIFIL OCHOA

## INDICTMENT

Violations:  Ct. 1:        18 U.S.C. § 371
             Cts. 2-5:     18 U.S.C. § 1343
             Cts. 6-20:    18 U.S.C. §§ 1029 and 2
             Cts. 21-23:   18 U.S.C. §§ 1028A and 2

A true bill,

_____

Filed in open court this 27th day of March, 2024.

_____
Clerk

Bail  $_____